UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| AMY BRYANT, MD, </br></br>     Plaintiff,</br></br>v.</br></br>JOSHUA H. STEIN, in his official capacity as Attorney General for the State of North Carolina, *et al.*,</br></br>     Defendants,</br></br>and</br></br>TIMOTHY K. MOORE and PHILIP E. BERGER,</br></br>     Intervenors. | Case No.:</br>1:23-cv-00077-WO-LPA |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT
AND TO EXPEDITE SUPPLEMENTAL BRIEFING ON
INTERVENORS' MOTION TO DISMISS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................ii

PROCEDURAL BACKGROUND .........................................2

ARGUMENT .....................................................5

I.   Leave to Amend Should Be Granted.........................5

     A.   Plaintiff's Amendment Is Timely and Will Not
          Prejudice Defendants ...............................6

     B.   Plaintiff Seeks Leave to Amend in Good Faith .....8

     C.   Plaintiff's Amendment Is Not Futile ..............8

II.  Any Supplemental Briefing on Intervenors' Motion
     to Dismiss Should Be Expedited...........................9

CONCLUSION ..................................................11

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

**TABLE OF AUTHORITIES**

**Cases**

*Davis v. Piper Aircraft Corp.*,
  615 F.2d 606 (4th Cir. 1980) ........................... 6, 9

*Edwards v. City of Goldsboro*,
  178 F.3d 231 (4th Cir. 1999) ........................... 6, 7

*Feit Elec. Co. v. Cree, Inc.*,
  No. 1:15-cv-535,
  2016 WL 10587196 (M.D.N.C. June 20, 2016) ................ 6

*Foman v. Davis*,
  371 U.S. 178 (1962) ...................................... 5

*Hartford Fire Ins. Co. v. Hendrick Auto. Grp.*,
  No. 3:16-cv-133,
  2016 WL 3344380 (W.D.N.C. June 13, 2016) ................ 10

*Island Creek Coal Co. v. Lake Shore, Inc.*,
  832 F.2d 274 (4th Cir. 1987) ............................. 5

*Johnson v. Oroweat Foods Co.*,
  785 F.2d 503 (4th Cir. 1986) ............................. 6

*Jones v. HSBC Bank USA, N.A.*,
  444 F. App'x 640 (4th Cir. 2011) ......................... 7

*Laber v. Harvey*,
  438 F.3d 404 (4th Cir. 2006) ............................. 6

*Pettiford v. City of Greensboro*,
  556 F. Supp. 2d 512 (M.D.N.C. May 30, 2008) .............. 9

*Sherron v. Corr. Care Dir. I*,
  No. 1:15-cv-852,
  2016 WL 6069183 (M.D.N.C. Oct. 17, 2016) ................. 6

*Sherron v. Jones*,
  No. 1:15-cv-852,
  2016 WL 6833982 (M.D.N.C. Nov. 18, 2016) ................. 6

*Smith v. 3M Co.*,
  No. 1:16-cv-00379,
  2017 WL 11681454 (M.D.N.C. Dec. 15, 2017)................10

*Syngenta Crop Prot., Inc. v. EPA*,
  222 F.R.D. 271 (M.D.N.C. 2004)............................5

*White v. Ctr. for Creative Leadership*,
  No. 1:15-cv-281,
  2016 WL 1048044 (M.D.N.C. Mar. 11, 2016)..................8

*Wonasue v. Univ. of Md. Alumni Ass'n*,
  295 F.R.D. 104 (D. Md. 2013)..............................8

**Rules**

Fed. R. Civ. P. 15(a) ..................................1, 5

**Other Authorities**

N.C. Sess. Law 2023-14 .............................5, 7, 10

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT
AND TO EXPEDITE SUPPLEMENTAL BRIEFING ON
INTERVENORS' MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff Amy Bryant, M.D. ("Plaintiff") hereby moves this Court for leave to file the proposed Amended Complaint attached as **Exhibit A**. The proposed Amended Complaint contains revised allegations and updated references to the challenged statutes, but asserts no new claims and adds no new parties. A redline showing differences between the original Complaint and the proposed Amended Complaint is attached as **Exhibit B**.

Given the procedural and factual situation presented by this Action, Plaintiff easily satisfies the requirements for leave to amend under Federal Rule of Civil Procedure 15(a). Precedent instructs that the Court should freely grant leave when justice so requires, and here, justice so requires. Plaintiff's complaint argues that North Carolina's restrictions on medication abortion are preempted by federal law. After the Complaint was filed, after Intervenors' Motion to Dismiss was filed, and after Plaintiff's opposition to that Motion to Dismiss was filed, the North Carolina

legislature –– of which Intervenors are the leaders –– voted to amend the statutes at issue in this Action. Rather than remedy the infirmities in those statutes, the North Carolina legislature enacted more restrictive legislation that only serves to create further conflict between federal and state law.

Leave to amend should accordingly be granted. Moreover, to avoid unnecessary cost and delay, the Court should treat Intervenors' pending motion to dismiss as applying to the Amended Complaint, Intervenors should be directed to supplement their motion to dismiss (if necessary) within one week following the grant of leave to amend, and Plaintiffs should be permitted to reply within one week thereafter. Plaintiffs notified Intervenors of their intent to file this motion, and Intervenors stated that they would determine their position after review of the motion and the proposed Amended Complaint.

**PROCEDURAL BACKGROUND**

On January 25, 2023, Plaintiff initiated this Action by filing the original Complaint. ECF No. 1.

On February 21, 2023, Intervenors Philip E. Berger, in

his official capacity as President *Pro Tempore* of the North Carolina Senate, and Timothy K. Moore, in his official capacity as the Speaker of the North Carolina House of Representatives, filed their Motion to Intervene. ECF No. 29. Intervenors' Motion to Intervene was granted on March 10, 2023. ECF No. 50.

On February 22, 2023, Defendants Attorney General Joshua Stein and Secretary of the Department of Health and Human Services Kody Kinsley filed their Answers to the Complaint. ECF Nos. 43, 41.

On March 24, 2023, Defendants Michaux R. Kilpatrick, Christine M. Khandelwal, Devdutta G. Sangvai, John W. Rusher, William M. Brawley, W. Howard Hall, Sharona Y. Johnson, Joshua D. Malcolm, Miguel A. Pineiro, Melinda H. Privette, Anuradha Roa-Patel, and Robert Rich, Jr., in their official capacity as board members of the North Carolina Medical Board (the "North Carolina Medical Board Defendants"), and Jeff Nieman filed their Answers to the Complaint. ECF Nos. 51, 52.

Also on March 24, 2023, Intervenors filed their Motion to Dismiss the Complaint. ECF No. 53.

On April 14, 2023, the North Carolina Medical Board

3

Defendants filed their Notice of No Position on Intervenors' Motion to Dismiss. ECF No. 58.

On April 28, 2023, Plaintiff filed her opposition to Intervenors' Motion to Dismiss the Complaint. ECF No. 68. Alongside that opposition, Attorney General Stein filed his Response in Opposition to the Intervenors' Motion to Dismiss. ECF No. 64. Likewise, Secretary Kinsley filed his Response to the Intervenors' Motion to Dismiss (ECF No. 67) and Jeff Nieman filed his Notice of No Position on Intervenors' Motion to Dismiss (ECF No. 66).

On May 2, 2023, with Intervenors' knowledge, Senator Joyce Krawiec and Representative Sarah Stevens offered a replacement bill for Senate Bill 20[1] that proposed to amend the provisions of the North Carolina General Statutes that Plaintiff challenges in her Complaint.

On May 3, the North Carolina House of Representatives passed Senate Bill 20. On May 4, the North Carolina Senate passed Senate Bill 20. On May 13, 2023, Governor Roy Cooper vetoed Senate Bill 20. The North Carolina legislature voted

---

[1] Prior to replacement on May 2, 2023, Senate Bill 20 was originally introduced on January 25, 2023, and contained proposed legislation relating to safe surrender of infants.

4

to override Governor Cooper's veto on May 16, 2023. Senate Bill 20 thus became North Carolina Session Law 2023-14 (attached as **Exhibit C**). The provisions of Session Law 2023-14 do not become effective until July 1, 2023.

On May 26, 2023, Intervenors filed their reply in support of their Motion to Dismiss the Complaint. ECF No. 72.

**ARGUMENT**

**I. Leave to Amend Should Be Granted.**

Rule 15(a) of the Federal Rules of Civil Procedure, which governs amendment of the pleadings, provides that "leave to amend shall be freely given when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (quotation marks omitted). The Fourth Circuit has consistently applied this standard under Rule 15(a) and granted leave when justice so requires. *See, e.g., Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987). The decision on whether to grant leave to amend falls within the discretion of the trial court, although "the federal rules strongly favor granting leave to amend." *Syngenta Crop Prot., Inc. v. EPA*, 222 F.R.D. 271, 278 (M.D.N.C. 2004) (quotation marks omitted). The law is well settled "that leave to amend a pleading should be denied only when the amendment would be

5

prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986); *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

### A. Plaintiff's Amendment Is Timely and Will Not Prejudice Defendants.

"Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006); *see also, e.g.*, *Feit Elec. Co. v. Cree, Inc.*, No. 1:15-cv-535, 2016 WL 10587196, at *1 (M.D.N.C. June 20, 2016) (Osteen, J.) (allowing amendment after finding that "discovery in this case [has] not yet started, and any delay is not therefore prejudicial"). "The Fourth Circuit has further explained that 'absence of prejudice, though not alone determinative, will normally warrant granting leave to amend.'" *Sherron v. Corr. Care Dir. I*, No. 1:15-cv-852, 2016 WL 6069183, at *5 (M.D.N.C. Oct. 17, 2016) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)), *report and recommendation adopted sub nom. Sherron v. Jones*, 2016 WL 6833982 (M.D.N.C. Nov. 18, 2016).

6

As detailed above, Plaintiff could not have amended her complaint at an earlier date, as these statutory amendments were not ratified until May 16, only 2 weeks ago. In the interest of efficiency, Plaintiff files this Motion even before Session Law 2023-14 is effective, in the expectation that it will become effective as planned on July 1, 2023.

Unlike where leave to amend has been denied on timeliness grounds, Plaintiff here could not have revised her Complaint to address the revised statutory language contained in Session Law 2023-14 before it was ratified. *Compare Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 643 (4th Cir. 2011) (per curiam) (motion to amend denied because plaintiff "either knew or should have known of these facts considerably earlier"), *with Edwards*, 178 F.3d at 243 ("Prejudice to the Defendants could hardly flow from [] an addition" where plaintiff's amendment sought to add claims uncovered during discovery and to add specificity to existing claims). Here, while Intervenors and Defendants have answered or moved in response to the Complaint, discovery has not begun, and no scheduling order has been entered. Thus, Intervenors and Defendants are not prejudiced by the proposed Amended

7

Complaint.

### B. Plaintiff Seeks Leave to Amend in Good Faith.

Plaintiff's request to amend her Complaint is a good faith attempt to update the statutory language and allegations in the Complaint to address the amended state laws concerning mifepristone. The proposed Amended Complaint asserts no new claims and does not seek to add parties. The proposed Amended Complaint represents nothing more than Plaintiff's good faith effort to capture the now-current laws implicated by her claim.

### C. Plaintiff's Amendment Is Not Futile.

"Determining whether amendment would be futile does not involve an evaluation of the underlying merits of the case. Rather, the merits of the litigation are only relevant to the Court's ruling on a motion for leave to amend if a proposed amendment may clearly be seen to be futile, such as if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *White v. Ctr. for Creative Leadership*, No. 1:15-cv-281, 2016 WL 1048044, at *3 (M.D.N.C. Mar. 11, 2016) (quoting *Wonasue v. Univ. of Md. Alumni Ass'n*, 295 F.R.D. 104, 107 (D. Md. 2013)). "Unless a proposed amendment may clearly be seen to be futile because

8

of substantive or procedural considerations, conjecture about the merits of the litigation should not enter into the decision whether to allow amendment." *Davis*, 615 F.2d at 613 (citation omitted).

For the reasons discussed in Plaintiff's Opposition to Intervenors' Motion to Dismiss (ECF No. 68), both her Complaint and proposed Amended Complaint properly state a claim upon which relief can be granted. Plaintiff incorporates those arguments here.

**II. Any Supplemental Briefing on Intervenors' Motion to Dismiss Should Be Expedited.**

Should this Motion be granted, because Plaintiff asserts no new claims in the proposed Amended Complaint, it is appropriate that Intervenors' pending motion to dismiss be treated as applying to the Amended Complaint and, if additional briefing is deemed necessary, that Intervenors be directed to file a supplemental motion to dismiss to present any additional arguments in response to the Amended Complaint.

Supplemental motion to dismiss briefing in response to amended complaints is common. *See, e.g.*, *Pettiford v. City of Greensboro*, 556 F. Supp. 2d 512, 516 (M.D.N.C. 2008)

9

("[T]he City filed a Motion to Dismiss and, after Plaintiffs' Amended Complaint, a Supplemental Motion to Dismiss"); *Smith v. 3M Co.*, No. 1:16-cv-00379, 2017 WL 11681454, at *2 (M.D.N.C. Dec. 15, 2017) (defendants "each filed a Supplemental Motion to Dismiss . . . to renew and incorporate their previously filed, unaddressed motions and supporting briefs in light of the Amended Complaint." (cleaned up)). Because no new claims are introduced by the proposed Amended Complaint, Intervenors' arguments in support of their Motion to Dismiss should not materially change, and supplemental briefing should be more than sufficient.

Likewise, an expedited timeline for any supplemental briefing (as other courts have considered and ordered) would be appropriate here. *See, e.g.*, *Hartford Fire Ins. Co. v. Hendrick Auto. Grp.*, No. 3:16-cv-133, 2016 WL 3344380 (W.D.N.C. June 13, 2016) (ordering one week for defendants to supplement their motion to dismiss in response to amended complaint after motion to dismiss original complaint had been fully briefed, and one additional week for plaintiffs to respond). Intervenors, as leaders of the North Carolina legislature, are well versed in Session Law 2023-14 and are

10

well equipped to respond to the proposed Amended Complaint, which must have been expected given that this Action was pending when the legislation was introduced and passed.

Supplemental briefing on an expedited timeline is fair and appropriate in these circumstances. The parties have already devoted considerable time and resources to briefing Intervenors' motion to dismiss, and the amendments to Plaintiffs' complaint do not materially affect the arguments raised in Intervenors' motion. Restarting the briefing process from scratch would be unfairly prejudicial to Plaintiff and would cause unnecessary cost and delay for all parties — especially given that the need for Plaintiff to amend her complaint resulted from the decision by the legislature, under Intervenors' leadership, to amend the challenged statutes at a time when briefing on Intervenors' motion was nearly complete.

## CONCLUSION

In accordance with the foregoing, Plaintiff requests that her motion for leave to file the proposed Amended Complaint be granted and that the Court order expedited supplemental briefing (if necessary) on Intervenors' motion to dismiss.

11

Respectfully submitted,

*/s/ Chelsea Corey*
Chelsea Corey
(NC Bar No. 48838)
KING & SPALDING LLP
300 S Tryon Street
Suite 1700
Charlotte, NC 28202
Ph: (704) 503-2600
Fax: (704) 503-2622
ccorey@kslaw.com

Eva A. Temkin
(Special Appearance - DC Bar No. 985494)
Paul Alessio Mezzina
(Special Appearance - DC Bar No. 999325)
Jessica Greenbaum
(Special Appearance - DC Bar No. 1024695)
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Suite 900
Washington, DC 20006
Ph: (202) 737-0500
Fax: (202) 626-3737
etemkin@kslaw.com
pmezzina@kslaw.com
jgreenbaum@kslaw.com

*Counsel for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing document complies with Local Rules 7.1(a) and 7.3(d) because it uses 13-point Courier New font; its top margin is not less than 1.25 inches and its bottom, left, and right margins are each one inch; and it contains 2,014 words.

Date: June 2, 2023

*/s/ Chelsea Corey*
Chelsea Corey
(NC Bar No. 48838)
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2023, the foregoing pleading was filed via the Court's CM/ECF System, which will effect service upon all registered counsel of record.

*/s/ Chelsea Corey*
Chelsea Corey
(NC Bar No. 48838)
*Counsel for Plaintiff*
