# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
### DURHAM DIVISION

| | | |
|---|---|---|
| AMY BRYANT, MD, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA H. STEIN, in his official | ) | |
| capacity as Attorney General for the | ) | |
| State of North Carolina, *et al.*, | ) | Case No. |
| | ) | 1:23-cv-00077-CCE-LPA |
|     Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TIMOTHY K. MOORE and | ) | |
| PHILIP E. BERGER, | ) | |
| | ) | |
|     Intervenors. | ) | |
| | ) | |

## JOINT SUBMISSION REGARDING PROPOSED JUDGMENTS AND INJUNCTIONS

The parties have met and conferred regarding proposed judgments and injunctions. Plaintiff's proposal is attached as Exhibit A. The Attorney General agrees with Plaintiff's proposal. Defendant-Intervenors' proposal is attached as Exhibit B. A redline showing the ways in which Defendant-Intervenors' proposal differs from Plaintiff's proposal is attached as Exhibit C.

### Plaintiff's Position

*First*, the injunction should extend to any provisions of North Carolina law that impose the requirements this Court held preempted; it should not be limited to specific code sections. Dr. Bryant challenged certain categories of "restrictions imposed by North

Carolina on the provision of mifepristone." Am. Compl. ¶ 85; *see* Tr. 69:5-11 (Dr. Bryant's challenge "encompass[es] any provision that embodies one of these [preempted] requirements"). This Court likewise held that North Carolina law is preempted insofar as it imposes particular requirements; the Court's preemption analysis was not limited to specific code sections. Op. 33-42, 48-49. Limiting the injunction to specific statutory sections would be a recipe for confusion if a prosecutor were to claim that some other provision embodies the same preempted requirement, or if the legislature were to recodify the restrictions in question. This is particularly true for the preempted physician-only requirement; as counsel noted, "there are references throughout the statute to the physician. And to the extent any of those are understood as requiring the person to be a physician, that's the requirement we're challenging." Tr. 69:12-17.

**Second**, the injunction should not be limited to Dr. Bryant. "Once a constitutional violation is found, a federal court is required to tailor the scope of the remedy to fit the nature and extent of the constitutional violation." *Ostergren v. Cuccinelli*, 615 F.3d 263, 288-89 (4th Cir. 2010) (quotation marks omitted). Here, the nature and extent of the constitutional violation is the imposition of restrictions on mifepristone that are preempted as a matter of law. Nothing about the Court's preemption ruling is limited to Dr. Bryant, and there is no reason the injunction should be so limited.

The Fourth Circuit has recognized "the equitable power of district courts, in appropriate cases, to issue nationwide [or statewide] injunctions extending relief to those who are similarly situated to the litigants." *Roe v. Dep't of Defense*, 947 F.3d 207, 232 (4th

Case 1:23-cv-00077-CCE-LPA   Document 104   Filed 05/21/24   Page 2 of 11

Cir. 2020); *see also Trump v. Int'l Refugee Assistance Project*, 582 U.S. 571, 581-82 (2017) (per curiam) (leaving in place nationwide injunction "that covered not just [plaintiffs], but parties similarly situated"); *HIAS, Inc. v. Trump*, 985 F.3d 309, 326 (4th Cir. 2021) (affirming nationwide injunction that protected "non-party resettlement agencies as well as the plaintiffs"); *Mayor of Baltimore v. Azar*, 973 F.3d 258, 293-94 (4th Cir. 2020) (en banc) (affirming statewide injunction of federal rule that limited abortion care in Title X programs); *Berean Baptist Church v. Cooper*, 460 F. Supp. 3d 651, 664-65 (E.D.N.C. 2020) (issuing statewide injunction against restriction on worship services).

This is a textbook case for a statewide injunction. The preempted laws reflect a "'categorical policy,'" and "the facts would not require different relief for others similarly situated." *HIAS*, 985 F.3d at 326 (quoting *Roe*, 947 F.3d at 232). All parties agreed to convert the motion to dismiss to summary judgment precisely because preemption is a legal question that does not depend on any plaintiff-specific facts. The preempted laws interfere with "Congress' goal of creating a *comprehensive regulatory framework* under which the FDA," not individual States, "is responsible for deciding what terms are required for safe access to and use of" drugs like mifepristone "while considering patient access and burdens on the health care system." Op. 25-26 (emphasis added). Enjoining those laws only as to Dr. Bryant "would cause inequitable treatment of" similarly situated parties "and undermine the very national consistency that [federal law] is designed to protect." *HIAS*, 985 F.3d at 327. Such a narrow injunction would also fail to honor Congress's goals of ensuring patient access and reducing burdens on the healthcare system.

3

Another district court, applying Fourth Circuit precedent, granted a nationwide injunction against FDA's now-eliminated in-person requirement for provision of mifepristone because the requirement was "a categorical policy" that applied the same way "regardless of individual circumstances." *Am. Coll. of Obstetricians & Gynecologists v. FDA*, 472 F. Supp. 3d 183, 230-31 (D. Md. 2020), *stayed on other grounds*, 141 S. Ct. 578 (2021) (mem.). So too here.

What is more, "a statewide injunction is necessary to afford [Dr. Bryant] complete relief." *Mayor of Baltimore*, 973 F.3d at 294. To receive effective relief from the in-person requirement, Dr. Bryant must be able to write prescriptions that patients can fill elsewhere (*e.g.*, at pharmacies certified under the REMS), which would be impossible if such provision by anyone other than Dr. Bryant were prohibited. Similarly, allowing North Carolina to enforce the physician-only, in-person follow-up, and reporting-to-FDA requirements against everyone except Dr. Bryant would place unreasonable burdens on Dr. Bryant's medical practice; make it impossible for her to coordinate patient care with her colleagues, including non-physician colleagues; and bewilder patients, who would encounter different rules regarding appropriate follow-up care when interacting with different providers. *See id.* at 293-94 (approving statewide injunction because a narrower injunction would have put undue pressure on plaintiff).

The unexplained stay order in *Labrador v. Poe ex rel. Poe*, 144 S. Ct. 921 (2024) (mem.), is not a decision on the merits and does not abrogate binding Fourth Circuit precedent. The views expressed in the three-Justice concurrence on which Defendant-

Intervenors rely are likewise not the law. Moreover, Idaho challenged the preliminary injunction in *Poe* on grounds that are not relevant here, including that "Plaintiffs ha[d] no standing to challenge" many of the enjoined provisions and that those provisions had "patently constitutional applications." Emergency Application for Stay Pending Appeal, *Poe*, No. 23A763, 2024 WL 752868, at *21-27 (U.S. Feb. 16, 2024). Defendant-Intervenors do not dispute Dr. Bryant's standing, nor do they argue that the requirements at issue have any non-preempted applications. And even under a more restrictive approach than the Fourth Circuit's, the necessity of providing complete relief to Dr. Bryant would justify a statewide injunction.

Should Defendant-Intervenors choose to appeal this Court's judgment, the Fourth Circuit's decision will bind all federal courts in North Carolina. Requiring every provider to file a separate lawsuit would impose tremendous costs—on plaintiffs, defendants, patients, the healthcare system, and the courts—for no discernible reason.

<u>**Defendant-Intervenors' Position**</u>

Defendant-Intervenors believe that the injunction should be limited in two ways. First, the injunction should be limited to the parties before the Court and thus to Dr. Bryant. Second, the injunction should extend only to the challenged provisions of law, not to other provisions of law that are not properly before the Court.

**A.     An injunction should extend only to the parties before the Court.**

In *Labrador v. Poe*, the Supreme Court vacated as overbroad a universal injunction that applied to non-parties. *Labrador v. Poe by & through Poe*, 144 S. Ct. 921, 922 (2024).

Traditionally, "a federal court may not issue an equitable remedy more burdensome to the defendant than necessary to redress the plaintiff's injuries." *Id.* at 922 (Gorsuch, J., concurring, joined by Justices Thomas and Alito) (cleaned up). In *Poe*, the "district court's universal injunction defied these foundational principles" by barring "the enforcement of 'any provision' of the law against anyone." *Id.* at 923.

Here, Plaintiff's injuries will be fully redressed if the portions of North Carolina law this Court found to be preempted do not apply to her. That's all that equity requires—or permits. To extend an injunction more broadly to bind non-parties would "stray[] from equity's traditional bounds." *Id.* at 923.

**B.      An injunction should extend only to the challenged provisions of law.**

*Poe* was also clear that an injunction may only bar the enforcement of the challenged provisions of law—not state law writ large as Plaintiff here requests. The lower court in *Poe* had enjoined provisions of state law "even though no party before the court had . . . demonstrated that [some provisions of state law] offended federal law." *Id.* at 922. *Poe* thus faulted the lower court and vacated an injunction to the extent it barred "the enforcement of 'any provision' of the law against anyone," including unchallenged provisions. *Id.* at 923; *see also Whole Woman's Health v. Jackson*, 595 U.S. 30, 44 (2021) ("[U]nder traditional equitable principles, no court may lawfully enjoin the world at large, . . . or purport to enjoin challenged laws themselves." (cleaned up)).

Here, Plaintiff challenged N.C. Gen. Stat. sections 90-21.83A, 90-21.83B, 90-21.93, to the extent they prohibit providers other than a licensed physician from providing

mifepristone; N.C. Gen. Stat. sections 14-44.1, 90-21.83A, 90-21.83B, to the extent they require that mifepristone be provided in person; N.C. Gen. Stat. sections 90-21.83A, 90-21.83B, 90-21.93, to the extent they require scheduling an in-person follow-up visit after providing mifepristone or efforts to ensure such a follow-up appointment; and N.C. Gen. Stat. section 90-21.93, to the extent it requires the reporting of non-fatal adverse events related to mifepristone to the FDA.

Those provisions are the only ones before this Court. Plaintiff did not and could not challenge unidentified "other provisions of state law." Indeed, Plaintiff's requested order would seemingly apply to subsequently enacted legislation. It would be improper for an injunction to extend beyond the above provisions of state law to "any other provisions of state law." *See Poe*, 144 S. Ct. at 922 (faulting lower court for enjoining portions of the law "even though no party before the court had . . . demonstrated that [those provisions] offended federal law").

## Position of DHHS and Secretary Kinsley

Part of the NCDHHS mission is ensuring that health care is accessible for all North Carolinians, and that includes reproductive health services. Access to reproductive health services has a profound impact on women's lives and is an essential part of comprehensive health care. It is also an equity issue. Research shows that restrictions on reproductive health care rights have harmful consequences on individuals' health, safety, and economic stability. Access to reproductive health services is a public health issue. Reducing reproductive access runs counter to substantial evidence from public health and

Case 1:23-cv-00077-CCE-LPA   Document 104   Filed 05/21/24   Page 7 of 11

preventive medicine researchers regarding the considerable health benefits associated with access to reproductive health services.

However, Secretary Kinsley does not take a position on the pending issues associated with the injunction and judgment.

Dated: May 21, 2024          Respectfully submitted,

JOSHUA H. STEIN
Attorney General

/s/ *Sarah G. Boyce*
Sarah G. Boyce
Deputy Attorney General and General
Counsel
N.C. State Bar 56896
sboyce@ncdoj.gov

Sripriya Narasimhan
Deputy General Counsel
N.C. State Bar 57032
snarasimhan@ncdoj.gov

Amar Majmundar
Senior Deputy Attorney General
N.C. State Bar 24668
amajmundar@ncdoj.gov

Stephanie A. Brennan
Special Deputy Attorney General
N.C. State Bar 35955
sbrennan@ncdoj.gov

North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
Phone: 919-716-6900
Fax: 919-716-6758

*/s/ Chelsea Corey*
Chelsea Corey
(NC Bar No. 48838)
KING & SPALDING LLP
300 S Tryon Street, Ste. 1700
Charlotte, NC 28202
Ph: (704) 503-2600
Fax: (704) 503-2622
ccorey@kslaw.com

Eva A. Temkin
(Special Appearance - DC Bar
  No. 985494)
ARNOLD & PORTER KAYE
  SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Ph: (202) 942-5123
Fax: (202) 942-5999
Eva.Temkin@arnoldporter.com

Paul Alessio Mezzina
(Special Appearance - DC Bar
  No. 999325)
KING & SPALDING LLP
1700 Pennsylvania Ave. NW Ste. 900
Washington, DC 20006
Ph: (202) 737-0500
Fax: (202) 626-3737
pmezzina@kslaw.com

*Counsel for Plaintiff*

/s/ Erin M. Hawley
Erin M. Hawley***
DC Bar No. 500782
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
Tel.: (202) 393-8690
Fax: (202) 347-3622
ehawley@adflegal.org

/s/ W. Ellis Boyle
W. Ellis Boyle
N.C. State Bar I.D. No. 33826
email: docket@wardandsmith.com *
email: weboyle@wardandsmith.com **
WARD AND SMITH, P.A.
Post Office Box 7068
Wilmington, NC 28406-7068
Tel.: (910) 794-4800
Fax: (910) 794-4877

*Attorneys for Intervenor-Defendants Moore and Berger*

* This email address must be used in order to effectuate service under Rule 5 of the North Carolina Rules of Civil Procedure.

** Email address to be used for all communications other than service.

*** Special Appearance

/s/ Michael T. Wood
Michael T. Wood
Special Deputy Attorney General
N.C. Bar No. 32427

N.C. Dept. of Justice
P.O. Box 629
Raleigh, NC 27602
Phone: 919-716-0186
Fax: 919-716-6758
Email: MWood@ncdoj.gov

*Attorney for Kody H. Kinsley, M.P.P., in his official capacity as Secretary of the North Carolina Department of Health and Human Services*

/s/ Michael Bulleri
Michael Bulleri
Special Deputy Attorney General
N.C. Bar No. 32427
Email: mbulleri@ncdoj.gov
N.C. Department of Justice
P.O. Box 629
Raleigh, NC  27602-0629
Telephone: (919) 716-6900
Facsimile: (919) 716-6761

*Counsel for Defendant Medical Board*

/s/ Elizabeth Curran O'Brien
Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
Telephone: (919) 716-0091
Facsimile: (919) 716-6755
eobrien@ncdoj.gov
N.C. Bar No. 32427

*Counsel for Defendant Nieman*

9

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document complies with Local Rule 7.1(a) and this Court's order of April 30, 2024, because it uses 13-point Times New Roman font; its top margin is not less than 1.25 inches and its bottom, left, and right margins are each one inch; and it contains 1,718 words.

Date: May 21, 2024

*/s/ Chelsea Corey*
Chelsea Corey
(NC Bar No. 48838)

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2024, the foregoing pleading was filed via the

Court's CM/ECF System, which will effect service upon all registered counsel of record.

*/s/ Chelsea Corey*

Chelsea Corey

(NC Bar No. 48838)

*Counsel for Plaintiff*
