IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| AMY BRYANT, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23-CV-77 |
| | ) | |
| JOSHUA H. STEIN, JEFF NIEMAN, KODY H. KINSLEY, MICHAUX R. KILPATRICK, MD, PHD, CHRISTINE M. KHANDELWAL, DO, DEVDUTTA G. SANGVAI, MD, MBA, JOHN W. RUSHER, MD, JD, WILLIAM M. BRAWLEY, W. HOWARD HALL, MD, SHARONA Y. JOHNSON, PHD, FNP-BC, JOSHUA D. MALCOLM, JD, MIGUEL A. PINEIRO, PA-C, MHPE, MELINDA H. PRIVETTE, MD, JD, ANURADHA RAO-PATEL, MD, and ROBERT RICH, JR., MD, | ) | |
| | ) | |
| Defendants, | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY K. MOORE and PHILIP E. BERGER, | ) | |
| | ) | |
| Intervenor-Defendants. | ) | |

## JUDGMENT AND PERMANENT INJUNCTION

For the reasons set forth in the Memorandum Opinion and Order filed on April 30, 2024, it is hereby **ORDERED** and **ADJUDGED** that:

(1) The following provisions of North Carolina law are preempted by federal law:

a. N.C. Gen. Stat. § 90-21.83A, § 90-21.83B, § 90-21.93, and any other provisions of North Carolina law, to the extent they prohibit any healthcare provider other than a licensed physician from providing mifepristone;

b. N.C. Gen. Stat. § 14-44.1, § 90-21.83A, § 90-21.83B, and any other provisions of North Carolina law, to the extent they require that mifepristone be provided in person;

c. N.C. Gen. Stat. § 90-21.83A, § 90-21.83B, § 90-21.93, and any other provisions of North Carolina law, to the extent they require scheduling an in-person follow-up visit after providing mifepristone or efforts to ensure such a follow-up appointment; and

d. N.C. Gen. Stat. § 90-21.93, and any other provisions of North Carolina law, to the extent they require the reporting of non-fatal adverse events related to mifepristone to the FDA.

(2) Defendants, their agents and successors in office, and all other persons included in FED. R. CIV. P. 65(d)(2) are hereby **ENJOINED** and prohibited from:

a. Enforcing—by civil action, criminal proceeding, administrative action or proceeding, or any other way—the provisions of North Carolina law identified as preempted in paragraph (1);

b. Penalizing—by civil action, criminal proceeding, administrative action or proceeding, or any other way—anyone for failure to comply with the

provisions of North Carolina law identified as preempted in paragraph (1); and

c. Applying, imposing, or requiring compliance with, implementing, or carrying out in any way the provisions of North Carolina law identified as preempted in paragraph (1).

The defendant-intervenors are entitled to judgment on the remaining provisions of North Carolina law challenged by the plaintiff, which are not preempted. Those remaining claims are **DISMISSED WITH PREJUDICE**.

This the 3rd day of June, 2024.

_____
UNITED STATES CHIEF DISTRICT JUDGE